**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| BROADCAST MUSIC, INC., as agent for Broadcast Music, LLC; SCREEN GEMS-EMI MUSIC, INC.; ZOMBIES ATE MY PUBLISHING; FORTHEFALLEN PUBLISHING; RESERVOIR MEDIA MANAGEMENT INC. d/b/a RESERVOIR 416 a/k/a RESERVOIR ONE AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>BOOTLEG PRODUCTIONS LLC d/b/a URBAN DAIQUIRIS, TODD HOWELL AND KIRK KEPPER individually,<br><br>Defendants. | CIVIL ACTION NO.:<br><br>25-cv-01079-RLB-EWD |

MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

Plaintiff Broadcast Music, Inc., for itself and on behalf of the other plaintiffs (collectively, "Plaintiffs") respectfully submits this memorandum of law in support of Plaintiffs' motion for default judgment against Defendants Bootleg Productions, LLC, Todd Howell, and Kirk Kepper (together, "Defendants").

## I. STATEMENT OF FACTS

### A. Procedural History

Plaintiffs filed the Complaint in this action on December 3, 2025. Defendants Bootleg Productions, LLC, Todd Howell, and Kirk Kepper were served with a copy of the Summons, Complaint, and Mandatory Disclosures on [date of service], in compliance with Fed. R. Civ. P. 4(c). Copies of the Affidavits of Service, which have been filed with the Court, are attached as Exhibit

A. Defendants never filed a responsive pleading and the clerk entered default against Defendants on [date of default entry],.

**B. Background**

Plaintiff Broadcast Music, Inc., as agent for Broadcast Music, LLC, ("BMI") is a "performing rights society" which licenses the right to publicly perform a repertoire of 22.4 million copyrighted musical compositions works on behalf of the copyright owners of these works. See 17 U.S.C. § 101 ("A 'performing rights society' is an association, corporation, or other entity that licenses the public performance of nondramatic musical works on behalf of copyright owners of such works, such as . . . Broadcast Music, Inc. (BMI) . . . ."). The other Plaintiffs are copyright owners of the compositions at issue in this lawsuit from whom BMI has acquired the non-exclusive public performance rights. Declaration of Lindsay Sales, Attorney ("Sales Declaration"), ¶¶ 2, 3.

BMI, in turn, grants to music users such as broadcasters and the owners and operators of concert halls, restaurants, nightclubs and hotels, the right to publicly perform any of the works in BMI's repertoire by means of "blanket license agreements". Sales Declaration, ¶ 2. These agreements have been recognized as the most efficient means to exploit copyright owners' public performance rights. See Broad. Music, Inc. v. Columbia Broad. Sys., Inc., 441 U.S. 1, 20-21 (1979).

**C. Defendants' Unauthorized Use of BMI Music**

The Defendants own and operate Urban Daiquiris, located at 27750 Juban Rd., Denham Springs, LA 70726, which regularly features performances of live and recorded music. Declaration of John "Jack" Flynn, Assistant Vice President, Licensing ("Flynn Declaration"), ¶ 3.

Since March 2024, BMI has repeatedly informed the Defendants of the need to obtain permission for public performances of copyrighted music. BMI's records indicate that BMI

licensing personnel telephoned the Defendants on thirty three (33) occasions and sent forty two (42) emails and letters. Flynn Declaration ¶¶ 3-9. BMI offered to enter into a blanket license agreement with the Defendants, but the Defendants did not do so. Flynn Declaration, ¶¶ 3-9.

On April 14, 2025 and October 13, 2025, BMI sent a music researcher to visit the Establishment and make an audio recording and written report of the music being publicly performed there. (See Flynn Decl. ¶ 10.) Through that report and audio recording, BMI identified three (3) musical compositions within BMI's repertoire that had been publicly performed without a license on April 14, 2025 and October 13, 2025. (See Flynn Decl. ¶¶ 10-15 and Ex. A; Compl. ¶¶ 17-22.)

## II. LEGAL ARGUMENT

### A. Plaintiffs Have Made Out a *Prima Facie* Case of Copyright Infringement

Fed. R. Civ. P. 55(b)(2) authorizes courts to enter default judgment against a properly served defendant who fails to file a timely responsive pleading. In copyright actions, liability for copyright infringement is established where the defendant defaults as "[t]he facts alleged in the pleadings are assumed to be true." Broadcast Music, Inc. v. DeGallo, Inc., 872 F.Supp. 167, 168 (D.N.J. 1995); see also Broadcast Music, Inc. v. R Bar of Manhattan, Inc., 919 F.Supp. 656 (S.D.N.Y. 1996).) A prima facie case of copyright infringement consists of: (1) ownership of an exclusive right under copyright, and (2) copying or other act of infringement of the rights afforded under the Copyright Act. (See Nimmer, Copyright §§ 8.02[A], 13.01 (2004) ("Nimmer"). An unauthorized public performance of a musical composition in an establishment renders the owners thereof liable for infringement. See Buck v. Jewell LaSalle Realty Co., 283 U.S. 191 (1931); Nimmer § 12.04[A].

Here, Plaintiffs have satisfied the elements of infringement. Plaintiffs own the copyrights to the musical compositions at issue in this case, and Defendants have infringed on Plaintiffs'

copyrights by publicly performing those musical compositions in their establishment without a proper license, despite repeated reminders that a license was required. See generally Complaint; see; Exh. B. see also Nimmer § 13.01[A].

Defendants are liable for three (3) acts of copyright infringement in violation of 17 U.S.C. section 501, based on the unauthorized public performance of the following musical compositions from the BMI Repertoire: ("Natural Man AKA You Make Me Feel Like a Natural Woman", "My Immortal", and "December") Complaint ¶ 21; see also Schedule attached to Complaint (Exh. A to (Local Counsel Last Name) Decl.); Flynn Decl. ¶¶ 10-16; Exh. A.

**B. Plaintiffs Are Entitled to Relief Requested**

Plaintiffs seek an injunction, statutory damages, the costs of this action, and reasonable attorneys' fees for copyright infringement.

**i. Statutory Damages**

The Copyright Act allows copyright proprietors to elect to recover "statutory damages" for each infringement instead of actual damages and profits. 17 U.S.C. § 504(a). The Court has discretion to award statutory damages between $750 and $30,000 per infringement. 17 U.S.C. §504(c) (1999). For the three (3) acts of infringement described in the Complaint, Plaintiffs request a reasonable total award of $25,000,00. This constitutes an award of $8,333.00 for each of the three (3) infringements, a figure that is approximately three times the amount Plaintiffs would have received in licensing fees from Defendants to date had their establishment properly been licensed. (*See* Flynn Declaration ¶ 15.)

Courts consistently have held that a statutory damages award up to five times the amount of licensing fees that the plaintiff would have received in licensing fees is appropriate under Section 504(c). See Broadcast Music, Inc. v. Prana Hospitality, Inc., 158 F. Supp 3d 184, 199 (S.D.N.Y.

2016) (awarding "five times the sum of BMI's unpaid licensing fees"); Broadcast Music, Inc. v. McDade & Sons, Inc., 928 F. Supp. 2nd 1120, 1135 (D. Ariz. 2013) (awarding "roughly four times the licensing fees'); Broadcast Music, Inc. v. DeGallo, Inc., 872 F. Supp 167, 169 (N.J. 1995) (awarding "approximately five times the license fee"); Fermata Int'l Melodies, Inc. v. Champions Golf Club, Inc., 712 F.Supp. 1257, 1264 (S.D.Tex.1989), aff'd, 915 F.2d 1567 (5th Cir.1990) (awarding more than three times the licensing fees); Golden Torch Music Corp. v. Pier III Cafe, Inc., 684 F.Supp. 772, 774 (D.Conn.1988) (awarding more than five times the license fees); Chi-Boy Music v. Charlie Club, Inc., 930 F.2d 1224, 1229-30 (7th Cir. 1991) (awarding "approximately three times the amount due under past license agreements").

Courts considering awards of statutory damages have recognized that awards up to $20,000 per infringement or higher are appropriate in cases where the infringement resulted from deliberate indifference toward copyright laws. See Broad. Music, Inc. v. My Image Studios LLC, No. 19-CV-1264, 2020 WL 2115329, at *5 (S.D.N.Y. May 4, 2020) (awarding "$20,000 for each of the six musical compositions infringed, for a total of $120,000"); Broad. Music, Inc. v. Tex Border Mgmt., Inc., 11 F. Supp. 3d 689, 698 (N.D. Tex. 2014) (awarding "$20,000 per musical composition infringed . . . making the total statutory damages as $180,000"); W Chappell Music Corp. v. Steampunk, LLC, No. 1:23-CV-00639, 2024 WL 2368993, at *3 (W.D. Tex. May 23, 2024) (awarding $20,000 per work infringed); EMI Mills Music, Inc. v. Empress Hotel, Inc., 470 F. Supp. 2d 67, 76 (D.P.R. 2006) (awarding $15,000 per work infringed); Granite Music Corp. v. Ctr. St. Smoke House, Inc., 786 F. Supp. 2d 716, 735 (W.D.N.Y. 2011) (awarding $10,000 for each work infringed). Therefore, Plaintiffs request is a modest, just, and appropriate statutory damages award.

ii. **Injunctive Relief**

The Copyright Act empowers a court to grant injunctions "on such terms as it may deem

reasonable and necessary to prevent or restrain infringement of a copyright." 17 U.S.C. § 502. To obtain a permanent injunction, "[a] plaintiff must demonstrate (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).

As to the first two factors, Courts have regularly found that a performing rights organization such as BMI suffers irreparable injury and that remedies at law are inadequate where a defendant has committed copyright infringement by publicly performing copyrighted music without a license and there is a substantial likelihood that the infringing conduct will continue. See My Image Studios, 2020 WL 2115329, at *4 ("First, it is well-settled that the harm caused by copyright infringements is normally irreparable because lost sales or diminished reputation can be difficult if not impossible to measure, and . . . . [s]econd, and similarly, remedies at law are inadequate because Defendants are continuing to perform musical works from BMI's repertoire . . . ."); see also Broad. Music, Inc. v. Evie's Tavern Ellenton, Inc., 772 F.3d 1254, 1261-1262 (11th Cir. 2014) (affirming district court's grant of permanent injunction in case involving facts similar to this case). Indeed, "[i]t is uncontroversial that a 'showing of past infringement and a substantial likelihood of future infringement' justifies issuance of a permanent injunction." Bridgeport Music, Inc. v. Justin Combs Pub., 507 F.3d 470, 492 (6th Cir. 2007) (quoting Nimmer on Copyright § 14.06[B]); BMG Music v. Pena, No. 05-CV-2310, 2007 WL 2089367, at *5 (E.D.N.Y. June 22, 2007) ("[I]n_light of their failure to respond to plaintiffs' cease and desist letters . . . defendants are likely to_continue to infringe plaintiff's copyright interests in the absence of an injunction.").

As to the third and fourth factors, the balance of hardships favors Plaintiffs. Defendants will

suffer no undue hardship from this injunction as the injunction simply requires them to follow the law, and the public interest is served by upholding Plaintiffs' rights with regard to the public performance of their copyrighted musical compositions. See My Image Studios, 2020 WL 2115329, at *4 ("[T]he balance of hardships favors Plaintiffs, who will have to pursue time- and resource-intensive litigation each time Defendants infringe their rights if no injunction is entered, and all Defendants must do is comply with their legal obligations," and "the public interest is served by protecting copyright owners' rights in order to incentive further creative production."); see also Broad. Music, Inc. v. Amici III, No. 14-CV-5002, 2014 WL 7271915, at *2 (D.N.J. Dec. 16, 2014) (awarding injunction and noting that "the public interest can only be served by upholding copyright protections and, correspondingly, preventing the misappropriation of the skills, creative energies, and resources that are invested in the protected work" (citing Apple Computer, Inc. v. Franklin Computer Corp., 714 F.2d 1240, 1255 (3d Cir. 1983))).

Here, the facts establish that Defendants infringed Plaintiffs' copyrights, and Defendants have conceded that through their default. Plaintiffs have also demonstrated that Defendants, despite receiving multiple telephone calls, letters, and cease and desist notices from BMI, continued to publicly perform Plaintiffs' copyrighted works without authorization. Courts have consistently held that, under such circumstances, plaintiffs are entitled to a permanent injunction to prevent the continued infringement of their copyrighted works. Accordingly, Plaintiffs respectfully request that the Court grant a permanent injunction enjoining and restraining Defendants, their agents, servants, employees, and all persons acting under their permission and authority from infringing, in any manner, the copyrighted musical compositions licensed by BMI.

### iii. **Plaintiffs Are Entitled to Costs and Attorneys' Fees**

Pursuant to § 505 of the Copyright Act, a court "may allow the recovery of full costs by or

against any party" and "may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Courts routinely award full costs and attorneys' fees to plaintiffs that prevail in copyright infringement actions based on a defendant's unauthorized public performance of copyrighted music. See Prana Hospitality, 158 F. Supp. 3d at 199-200; Broad. Music, Inc. v. Acapulco, Inc., No. 2:22-CV-147, 2024 WL 1181877, at *4 (E.D. Va. Mar. 19, 2024); W Chappell Music Corp. v. Steampunk, LLC, No. 1:23-CV-00639, 2024 WL 2368993, at *3 (W.D. Tex. May 23, 2024); Broad. Music, Inc. v. 11 Exch. St. LLC, No. 4:19-CV-40136-DHH, 2020 WL 7344398, at *4 (D. Mass. Oct. 13, 2020), report and recommendation adopted, No. CV 19-40136-TSH, 2020 WL 7338372 (D. Mass. Dec. 14, 2020); Broad. Music, Inc. v. Dominick's To Go of Winter Springs LLC, No. 619CV1397ORL37EJK, 2020 WL 1931320, at *5 (M.D. Fla. Apr. 6, 2020), report and recommendation adopted, No. 619CV1397ORL37EJK, 2020 WL 1929456 (M.D. Fla. Apr. 21, 2020); Broad. Music, Inc. v. Opitz, No. 18CV01914JSWDMR, 2018 WL 6613829, at *5 (N.D. Cal. Oct. 12, 2018), report and recommendation adopted, No. 18-CV-01914-JSW, 2018 WL 6615140 (N.D. Cal. Nov. 19, 2018). Here, Defendants intentionally ignored their obligation under the Copyright Act and forced Plaintiffs to engage in litigation to enforce their rights. There are no factors that would militate against an award of Plaintiffs' attorneys' fees and costs in the present case. Such an award is particularly appropriate in light of the Defendants' deliberate misconduct and the statutory purpose of encouraging private enforcement of the Copyright Act. To date, Plaintiffs have incurred attorneys fees in the amount of $4,970.00. See Declaration of Mark A. Balkin (attached hereto as Exhibit B). This amount represents a reasonable fee in light of the experience of counsel, the nature of the case, and the services provided. See id.

Accordingly, Plaintiffs request an award of costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505, and request leave to file a certification regarding the total amount of their costs and

attorneys' fees incurred in this action to date if the Court grants Plaintiffs' Motion for Default.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully move this Court for entry of default judgment ordering that:

(a) Defendants Bootleg Productions, LLC, Todd Howell, and Kirk Kepper, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restraining from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

(b) Defendants Bootleg Productions, LLC, Todd Howell, and Kirk Kepper pay statutory damages in the amount of $25,000.00, which represents an award of $8,333.33 for each of the three (3) acts of infringement, pursuant to 17 U.S.C. § 504(c);

(c) Defendants Bootleg Productions, LLC, Todd Howell, and Kirk Kepper pay plaintiffs' costs, including reasonable attorneys' fees in the amount of $5,375.00, pursuant to 17 U.S.C. § 505;

(d) Defendants Bootleg Productions, LLC, Todd Howell, and Kirk Kepper pay interest on these awards pursuant to 28 U.S.C. § 1961.

Respectfully submitted,

Dated: August 27, 2026

/s/ *Mark A. Balkin*
Mark A. Balkin (LA Bar # 24952)
Joseph C. Chautin, III (LA Bar # 24995)
**Hardy, Carey, Chautin & Balkin, LLP**
1080 West Causeway Approach
Mandeville, Louisiana 70471
(985) 629-0750
mbalkin@hardycarey.com

*Attorneys for Plaintiffs*