**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| BROADCAST MUSIC, INC., as agent for Broadcast Music, LLC; SCREEN GEMS-EMI MUSIC, INC.; ZOMBIES ATE MY PUBLISHING; FORTHEFALLEN PUBLISHING; RESERVOIR MEDIA MANAGEMENT INC. d/b/a RESERVOIR 416 a/k/a RESERVOIR ONE AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>BOOTLEG PRODUCTIONS LLC d/b/a URBAN DAIQUIRIS, TODD HOWELL AND KIRK KEPPER individually,<br><br>Defendants. | CIVIL ACTION NO.:<br><br>25-cv-01079-RLB-EWD |

**DECLARATION OF JOHN "JACK" FLYNN**

I, John "Jack" Flynn, being sworn, says:

1. I am an Assistant Vice President, Licensing, for Broadcast Music, Inc., hereinafter referred to as "BMI", and I maintain an office at 10 Music Square East, Nashville, Tennessee 37203. I am fully familiar with the facts and circumstances in this matter, as well as with BMI's general licensing procedures.

2. BMI routinely sends license agreements to the proprietors of establishments where music is publicly performed, and information explaining the need to obtain permission from copyright owners in order to lawfully publicly perform copyrighted music in their establishment. Copies of such correspondence are maintained at BMI's Licensing Office, under my supervision.

3. Prior to March 2024, BMI learned that Urban Daiquiris, located at 27750 Juban Rd., Denham Springs, LA 70726, was offering musical entertainment without a license from BMI granting permission to publicly perform the copyrighted music works in the BMI repertoire. Urban Daiquiris is operated by the Defendants. On April 10, 2024, BMI sent a letter to the establishment and advised that a license was required. The Defendants were advised that BMI represented hundreds of thousands of writers and publishers, and that BMI had the right to license several million musical compositions. The Defendants did not respond to that communication.

4. BMI sent additional letters and emails to the Defendants. No response was received to any of the letters or emails.

5. On October 15, 2024, BMI sent the Defendants a letter via FedEx which instructed them to cease the public performance of BMI-licensed music. The letter was signed for by "H. Risenburg".

6. BMI sent an additional cease and desist letter October 24, 2024 (via FedEx).

7. BMI also employs licensing personnel who work under the supervision of the Licensing Directors. They assist BMI's licensing efforts by making telephone calls. They make a contemporaneous note of each telephone call. Copies of these records are maintained at BMI's offices, along with copies of the correspondence discussed above.

8. BMI's records indicate that BMI licensing personnel telephoned on thirty-three (33) occasions and on a number of those occasions spoke to persons associated with the establishment's operation.

9. Despite BMI's efforts, the Defendants failed to enter into a license agreement with BMI and continued to offer unauthorized public performance of BMI-licensed music.

10. Accordingly, in order to protect the rights of the publishers and writers affiliated

with BMI, Braden Piper was authorized to visit Urban Daiquiris and make an audio recording and written report of the music being publicly performed on the evening of April 14, 2025. The Certified Infringement Report specifies all of the three compositions which are alleged in Plaintiffs' Complaint to have been performed.

11. The audio recording of the April 14, 2025, visit was submitted to BMI and in turn was submitted to a digital review through patented digital audio technology, licensed to BMI by Shazam Entertainment Limited, to identify any additional recorded musical works. This review of the audio recordings confirmed the performance of one composition that is alleged in Plaintiffs' Complaint to have been performed.

12. The audio recording of the evening of April 14, 2025, visit was submitted to BMI and in turn to a BMI Performance Identification employee, John Davis, to review the recording and identify or verify any additional recorded musical works or additional live performances. Mr. Piper review of the audio recordings confirmed the one composition identified by Mr. Piper that are alleged in Plaintiffs' Complaint to have been performed. Copies of the Certified Infringement Report, Certifications related to the digital review and chain of custody, and the Performance Identification Declaration pertaining to the review are attached as **Exhibit A**. The Certifications and Declarations identify all of the compositions which are alleged in Plaintiffs' Complaint to have been performed.

13. Additionally, Braden Piper was authorized to visit Urban Daiquiris and make an audio recording and written report of the music being publicly performed on the evening of October 13, 2025. The Certified Infringement Report specifies all two of the three compositions which are alleged in Plaintiffs' Complaint to have been performed.

14. The audio recording of the October 13, 2025, visit was submitted to BMI and in

turn was submitted to a digital review through patented digital audio technology, licensed to BMI by Shazam Entertainment Limited, to identify any additional recorded musical works. This review of the audio recordings confirmed the performance of two compositions that are alleged in Plaintiffs' Complaint to have been performed.

15. The audio recording of the evening of October 13, 2025, visit was submitted to BMI and in turn to a BMI Performance Identification employee, John Davis, to review the recording and identify or verify any additional recorded musical works or additional live performances. Mr. Piper review of the audio recordings confirmed the one composition identified by Mr. Piper that are alleged in Plaintiffs' Complaint to have been performed. Copies of the Certified Infringement Report, Certifications related to the digital review and chain of custody, and the Performance Identification Declaration pertaining to the review are attached as **Exhibit A**. The Certifications and Declarations identify all of the compositions which are alleged in Plaintiffs' Complaint to have been performed.

16. On November 17, 2026, BMI sent the Defendants a letter by FedEx advising of the investigation.

17. Unless otherwise indicated, all correspondence which I have indicated that BMI sent to the Defendants was sent by first-class mail and was properly addressed, stamped and deposited in a U.S. mail receptacle by persons in BMI's employ.

18. Copies of the above correspondence are attached as **Exhibit B.**

19. BMI has not issued a license to any person authorizing the performance at Urban Daiquiris of any of the works alleged to have been infringed. Upon information and belief, none of the owners of the copyrights of any of said works has issued such a license to any person.

20. Upon information and belief, the Defendants are still publicly performing music

licensed by BMI at Urban Daiquiris and BMI has not received an executed license from the Defendants. Had the Defendants entered into an agreement at the time BMI first contacted them in March 2024, the estimated license fees between March 2024 and the present would have been approximately $8,280.00. The current annual license fee would be approximately $2,835.00.

Pursuant 28 U.S.C. §1746, I declare under penalty of perjury, that the foregoing is true and correct.

Date: August 27, 2026

John "Jack" Flynn